(No. 5615. Decided August 18, 1905.)

CARRIE SWIFT, *Respondent,* v. JAMES B. SWIFT, *Appellant.*[1]

APPEAL AND ERROR—RECORD—STATEMENT OF FACTS—FAILURE TO PROPOSE AMENDMENTS. Where no amendments are proposed to a statement of facts and the same is certified to contain all the material facts, it is sufficient to authorize a trial *de novo* on appeal, although depositions appear in the transcript which were not included in the statement.

SAME—REVIEW—FINDINGS. Findings in a divorce case in accordance with the weight of the evidence will not be disturbed on appeal.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered December 13, 1904, upon findings in favor of the plaintiff, granting a divorce. Affirmed.

*James Hopkins,* for appellant.

*L. H. Prather,* for respondent.

PER CURIAM.—The respondent brought this action against the appellant for a decree of divorce, alleging cruel treatment and personal indignities rendering life burdensome.

[1]Reported in 81 Pac. 1052.

A decree was rendered in her favor in the court below, and
this appeal is taken therefrom. The respondent moves to
dismiss the appeal, on the ground that the statement of facts
fails to contain all of the evidence; and in support thereof,
calls attention to the fact that certain depositions appear in
the transcript, over the signature of the clerk, and not in
the statement of facts. But it appears that a proposed state-
ment of facts was served on the respondent, and that she
neither filed any exception, nor proposed any amendments
thereto, and that this statement was subsequently certified
by the court to contain all of the material facts occurring in
the cause, and not already a part of the record. This is
sufficient to authorize this court to try the case *de novo*.
It is from what appears in the statement, over the signature
of the trial judge, that this court discovers the facts of the
case, and it will not presume that depositions, which do not
appear in the statement, although taken apparently for use
in the case, were admitted and read in evidence, merely
because the clerk has forwarded them to this court. The
motion to dismiss is denied.

On the merits of the controversy, we think the court found
with the weight of the evidence. The parties, at the time
of their marriage, were well along in life, and while neither
seems to have had much respect for the rights of the other,
we think the husband was generally to blame for the diffi-
culties that arose between them, and that his conduct was
such as to justify the decree. We shall not, however, discuss
the evidence in detail, as no useful purpose would be sub-
served thereby. The disposition of the property was equi-
table, and there is no cause for disturbing the decree in that
regard.

Affirmed.